**UNITED STATES of America, Plaintiff,**

**v.**

**The BUNKER HILL COMPANY, Defendant.**

**Civ. No. 2–75–57.**

United States District Court, D. Idaho.

July 16, 1976.

Marion J. Callister, U. S. Atty., and Paul L. Westberg, Asst. U. S. Atty., Boise, Idaho, for plaintiff United States.

William F. Boyd, Brown, Peacock, Keane & Boyd, Kellogg, Idaho, for defendant The Bunker Hill Co.

ORDER DENYING MOTION FOR PROTECTIVE ORDER

McNICHOLS, Chief Judge.

This is an action in which the plaintiff, United States of America, alleges that waters of the United States have been polluted by the defendant, The Bunker Hill Company, in violation of the Federal Water Pollution Control Act, as amended, and the Rivers and Harbor Act of 1899.

On May 19, 1976, plaintiff, by and through the United States Attorney for the District of Idaho, moved pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an Order to compel the defendant to permit plaintiff to enter upon defendant's real property in order to perform the drilling of wells and to conduct inspection for sampling in preparation for trial.

On June 11, 1976, the defendant moved for an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a Protective Order requiring the plaintiff to execute an "Indemnification Agreement" attached thereto as "Attachment A". Paragraph No. 3 of the said "Attachment A" provides as follows:

> Plaintiff agrees to indemnify the defendant and hold it harmless against, all claims including Workmen's Compensation Claims, demands, actions or suits of any kind or nature whatsoever that may be made or brought against the defendant on account of any injury to person or property that results from plaintiff being upon Bunker Hill's property and doing the work, including sums paid for damages, pre-judgment interest, and for plaintiff's attorney fees. In addition plaintiff agrees to indemnify defendant and hold it harmless for any damage defendant might suffer to its property that results from plaintiff doing the work upon Bunker Hill's premises.

The matter came on before the Court on June 14, 1976, whereat plaintiff appeared and was represented by Paul L. Westberg, Assistant United States Attorney for the District of Idaho and the defendant appeared and was represented by William F. Boyd, its attorney; and the Court being fully advised in the premises:

The Court is of the opinion that the United States of America as plaintiff in an action such as this brought to enforce the Federal Water Pollution Control Act, as amended, and the Rivers and Harbor Act of 1899, is not required to indemnify the defendant in the manner requested before entering on the lands of the defendant for purposes of carrying out discovery procedures in preparation for trial. Further, the Court is of the view that no officer of the United States is authorized to execute such an indemnity agreement, and that if executed the same would be unenforceable. Accordingly, the Motion for a Protective Order requiring execution of the indemnity agreement proposed must be denied. The Motion of the plaintiff to enter upon defendant's real property in order to perform the drilling of wells and to conduct inspection for sampling, in accordance with the request of the plaintiff, should be granted.

IT IS THEREFORE ORDERED:

1. That the plaintiff's Motion is hereby granted.

2. That the defendant's Motion should be, and the same hereby is, denied insofar as concerns any requirement that there be as a condition of such entry the execution of Paragraph No. 3 of the "Indemnification Agreement" hereinbefore set out.

3. With regard to the remaining conditions set forth in Paragraphs 1, 2 and 4 of "Attachment A" to defendant's Motion, such conditions are hereby made a condition to the plaintiff's entry upon the premises. Upon representation of counsel, that no specific order is required relative to the details of carrying out Paragraphs 1, 2 and 4, the Court leaves such details to the parties in accordance with the oral arrangement agreed upon at the time of argument.